UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laura Obergefell,                                        Case No. 3:20-cv-2579

                 Plaintiff,

    v.                                                 MEMORANDUM OPINION
                                                          AND ORDER

Firelands Regional Medical Center, *et al.*,

                 Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Laura Obergefell filed suit against her former employer, Firelands Regional Medical Center, and seven individuals who are employed by Firelands, alleging her termination was discriminatory and violated state and federal law. (Doc. No. 1). Obergefell has filed a motion "to join Holly Clayman as an individual Defendant in this case." (Doc. No. 43). According to Obergefell, Clayman was the "Wound Care Center Office Coordinator/Secretary" during the events at issue in this litigation. (*Id.* at 2). Defendants filed a brief in opposition to Obergefell's motion. (Doc. No. 47). For the reasons stated below, I deny Obergefell's motion.

## II. DISCUSSION

Obergefell cites Rule 20(a)(2) in support of her motion to join Clayman as a Defendant, arguing that her allegations against "the determination of whether Holly Clayman is liable for the claims which Mrs. [Obergefell] asserts against her are based on the same questions of fact and law common to the other individual Defendants." (Doc. No. 43 at 3).

Either Rule 15 or Rule 21 "controls the amendment of a pleading where the amendment seeks to add parties to the action." *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (noting the Sixth Circuit has not yet resolved this uncertainty). Rule 21 provides a court "may at any time, on just terms, add or drop a party" to a lawsuit. Fed. R. Civ. P. 21. Rule 21 does not define what constitutes "just terms," and many courts rely on the permissive joinder provisions set forth in Rule 20(a)(2), which permits parties to "be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2); *see, e.g., Goode v. City of Southaven*, No. 16-2029, 2016 WL 11607743, at *4 (W.D. Tenn. June 29, 2016) (citing cases).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

There is yet one more Federal Civil Rule that applies here. Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

On February 25, 2021, I held a case management conference with counsel for the parties during which we discussed, among other topics, a deadline by which parties could be joined and pleadings amended. Based upon that discussion, I subsequently issued a scheduling order setting the joinder and amendment deadline as May 1, 2021. (Doc. No. 8). That date came and went, and over eleven months passed before Obergefell filed her motion to add Clayman as a defendant. Obergefell's motion does not acknowledge the deadline has passed, nor does she offer any reason why she did not seek leave to amend earlier. Without at least some explanation for the delay, I cannot conclude Obergefell had good cause for failing to file her motion sooner.

Moreover, "[a] plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary,* 349 F.3d at 908). Obergefell does not offer any other allegations regarding Clayman's involvement in her motion, and she did not attach a proposed amended complaint. (*See* Doc. No. 43). That leaves me

3

only with Obergefell's single reference to Clayman in the Complaint, where she alleges "[b]ecause [of] Office Coordinator/Secretary Holly Clayman - Ms. Copsey's[1] Department spy and confidant - no one felt comfortable raising their concerns." (Doc. No. 1 at 6). But Obergefell's implication that Clayman reported office gossip to Copsey falls far short of implicating her in any wrongdoing. And Obergefell plainly knew of the facts underlying this allegation well before the amendment deadline expired. Once again, I must conclude Obergefell has not established good cause for her failure to move to amend her complaint to add a new defendant prior to the scheduling deadline.

### III. CONCLUSION

For the reasons stated above, I deny Obergefell's motion to join a new defendant. (Doc. No. 43).

While I did not address the parties' discovery disputes and the pending motion to compel, I will address those in a further order.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

---

[1] Defendant Tonia Copsey is alleged to be the Firelands "Nurse Director and a Nurse Practitioner in the Wound Care Department." (Doc. No. 1 at 2).