UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laura Obergefell,                                                                Case No. 3:20-cv-2579

               Plaintiff,

      v.                                                                            ORDER

Firelands Regional Medical Center, *et al.*,

               Defendants.

On May 4, 2023, I ordered Defendants to file certain text messages obtained from the cell phone of Defendant Tanya Copsey under seal for *in camera* review.  (Doc. No. 86 at 12).  Defendants had not produced those messages during discovery because counsel for the Defendants had determined the messages were not relevant to this litigation.  I have reviewed those messages, (Doc. No. 88), and conclude they do not contain relevant or discoverable information.  Therefore, I reaffirm my denial of Plaintiff's objection to United States Magistrate Judge Darrell A. Clay's denial of Plaintiff's request for a continued data extraction of Copsey's cell phone and of her request for reimbursement of the cost of the data extraction.  (Doc. No. 86 at 11-12).

I also ordered the parties to submit position statements regarding Plaintiff's motion to compel "the production of the 6 of 8 pages of documents which are responsive to Plaintiff's [Freedom of Information Act ("FOIA")] request to the Department of Health and Human Services for FRMC's accounting of how it spent the millions of dollars in COVID-19 relief money that it received in 2020 and 2021 regarding which FRMC and defense counsel has objected."  (*Id.* at 12-13) (quoting Doc. No. 81 at 1).  The parties have done so.  (Doc. Nos. 89 and 90).

I conclude the documents Plaintiff seeks are discoverable.  As Plaintiff argues, this information is relevant to the question of whether Firelands "made a reasonably informed and considered decision" before terminating Plaintiff's employment.  *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998).  While Defendants ultimately may be correct that this information does not undermine the legitimacy or reasonableness of the termination decision, that is not the standard for whether information is subject to discovery.  *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Information within this scope of discovery need not be admissible in evidence to be discoverable.").  Therefore, I order Defendants to produce the requested documents, subject to the provisions of the stipulated protective order, as appropriate.  (*See* Doc. No. 19).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2