UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laura Obergefell,                                           Case No.  3:20-cv-2579

            Plaintiff,

      v.                                                    MEMORANDUM OPINION
                                                                AND ORDER

Firelands Regional Medical Center, *et al.*,

            Defendants.

## I.      INTRODUCTION

Before me is Plaintiff Laura Obergefell's motion to reopen her case for the limited purpose of disallowing the bill of costs filed by Defendants.  (Doc. No. 137).  The parties have fully briefed the issues, and I have reviewed and considered their arguments.[1]  For the reasons stated below, I deny Obergefell's motion.

## II.      BACKGROUND

Obergefell filed suit in this court alleging violation of the ADEA, aiding and abetting discrimination, wrongful discharge, and various workplace torts arising out of her employment with Firelands Regional Medical Center ("FRMC").  (Doc. No. 1 at 10-19).  Both parties filed for summary judgment.  (Doc No. 100); (Doc. No. 115).  I denied Obergefell's motion, granted Defendants' motion and entered summary judgment in Defendants' favor on all claims.  (Doc. No.

---

[1] Due to technical issues, Obergefell missed the deadline to file her reply memorandum.  She subsequently emailed the reply to chambers and moved for leave to file.  (Doc. No. 141 at 2).  Because I have reviewed her memorandum and considered the reply in my deliberations, I deny the motion to file as moot.

133 at 43).  Obergefell appealed and the Sixth Circuit affirmed.  *Obergefell v. Firelands Reg'l Med. Ctr.*, No. 25-3212, 2026 WL 228727 (6th Cir. Jan. 28, 2026) .[2]  Obergefell now asks that I reopen her case to disallow FRMC's bill of costs.  (Doc. No. 137).  For the reasons stated below, I deny Obergefell's motion, and award FRMC costs as requested.

### III.  STANDARD

Rule 54 states that "[u]nless a federal statue, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This rule creates a presumption that the prevailing party is entitled to costs, though the district court retains the discretion to deny them.  *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (citation omitted).

To guide a court's exercise of this discretion, the Sixth Circuit has identified several factors that may justify denying costs, including: (1) where the prevailing party's taxable expenditures were unnecessary or unreasonably large; (2) where the prevailing party unnecessarily prolonged the proceedings or injected unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and (4) where the case is "close and difficult."  *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (internal quotation marks and citations omitted).  Further, the presumption of an award may be overcome by "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of costs."  *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (citing *White*, 786 F.2d at 732-33).  The burden rests on the unsuccessful party to overcome the presumption favoring an award of costs.  *White*, 786 F.2d at 732 (citing *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

---

[2] Obergefell moved to reopen while her appeal was pending in the Sixth Circuit, arguing that FMRC's bill of costs was premature.  (Doc. No. 137 at 2).  Because the Sixth Circuit has since issued its opinion and the appeal is no longer pending, Obergefell's argument is moot.

### IV.    DISCUSSION

Defendants seek compensation for costs associated with the taking, transcribing, and copying of deposition testimony.  (Doc. No. 136).  "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party."  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (citations omitted).  Necessity is determined by the circumstances that exist at the time the deposition is taken.  *Id.*  Further, under § 1920, a court may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

Obergefell argues I should deny Defendants' bill of costs for three reasons: (1) FRMC reported $287 million in operating profits in the 2023 fiscal year; (2) awarding costs would discourage future plaintiffs from filing ADEA claims; and (3) the underlying case was "close." (Doc. No. 137 at 4).

### A.    NECESSITY AND REASONABLENESS

A prevailing party must show that the specific costs were necessary and reasonable.  *See Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004).  Obergefell has not argued that the identified costs were not necessary or are unreasonable.

An AO 133 form "may be sufficient in support of an unopposed motion to tax costs." *Middleton v. Select Trucks of Am., LLC*, No. 3:17-cv-602, 2023 WL 4629551, at *3 (W.D. Ky. July 19, 2023) (citing *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 n.2 (E.D. Mich. 1995)).  While "the recovery of the costs of depositions is not limited solely to those used in the motion for summary judgment," *Johnson v. Cleveland City School District*, No. 1:07 CV 1610, 2009 WL 275468, at *3 (N.D. Ohio Feb. 4, 2009), the use of a deposition in motion practice or at trial supports its necessity.  *See Yacko v. Gen. Motors Co.*, No. 1:23-cv-01578, 2025 WL 814912, at *3 (N.D. Ohio Mar. 13, 2025) (finding

3

depositions were "reasonably necessary" where unsuccessful litigant filed the deposition transcripts for use in motion practice and referenced them extensively in opposition memorandum).

Here, Defendants supported its request for costs by filing an AO 133 form and an affidavit attesting to the necessity of the depositions. (Doc. No. 136); (Doc. No 136-1). Defendants also attached invoices from a court reporting agency, reflecting the actual cost incurred. (Doc. No. 136-2 at 1-7). Obergefell filed the vast majority of these depositions on the docket, (Doc. Nos. 50-60), and both parties cited to them extensively in their motions for summary judgment. (*See* Doc. No. 100 at 10-29); (Doc. No. 115 at 7, 9-13, 15-16, 25, 28). Following my review of Defendants' submission and considering the circumstances existing when the deposition transcripts were obtained, filed, and relied upon, I find Defendants' requested costs are reasonable and necessary.

## B. REBUTTAL OF THE PRESUMPTION

While Obergefell did not challenge the reasonableness or necessity of the deposition costs, she contends that she can overcome the presumption favoring an award of costs to Defendants as the prevailing party.

### 1. Wealth of the Prevailing Party

First, Obergefell argues that FRMC's $287 million in operating profits for the 2023 fiscal year support a denial of costs. (Doc. No. 137 at 4). She relies on an unpublished Southern District of Ohio case, *Smyer v. Kroger Limited Partnership I*, No. 3:20-cv-114, 2025 WL 773752, at *2 (S.D. Ohio Mar. 11, 2025), and a treatise to substantiate this claim.[3] *See* 2 Steven S. Gender, *Federal Rules of Civil Procedure, Rules and Commentary* Rule 54 (Feb. 2024 update).

The Sixth Circuit has repeatedly held that a district court should disregard "the ability of the prevailing party to pay his or her costs" when determining whether to deny costs. *White*, 786 F.2d at 730 (citing *Lichter*, 269 F.2d at 146). Departure from this rule may be allowed where the losing party

---

[3] These arguments appear on pages 3 and 4 of Obergefell's reply memorandum.

is indigent.  *Singleton*, 241 F.3d at 539 (6th Cir. 2001) (citations omitted).  Obergefell does not allege

indigency.  And while the Southern District considered the defendant's substantial earnings when

denying costs in *Smyer*, it cited no case law to support its decision to do so.  *Smyer*, 2025 WL 773752,

at *2.

Further, while Obergefell relies on a treatise that lists the "wealth of the prevailing party" as

a factor courts may consider, that treatise bases its conclusion on *Pacheco v. Mineta*, 448 F.3d 783 (5th

Cir. 2006).  But I am required to follow binding Sixth Circuit precedent, and thus neither the Gender

treatise nor the Fifth Circuit's decision in *Pacheco* hold any weight in this analysis.  Thus, I will not

consider FRMC's 2023 fiscal year earnings in determining whether to deny costs.

### 2. Public Policy

Obergefell next argues that I should deny FRMC's costs because imposing them would

discourage future ADEA plaintiffs from bringing claims.  (Doc. No. 137 at 4).  She further contends

that this factor weighs particularly strongly in her favor given "'the relatively few numbers of

attorneys in the Sandusky area with the specialized knowledge and experience needed to litigate such

cases.'"  (*Id.*).  Defendants respond that this "chilling effect" argument would "'undermine the

presumption in favor of awarding costs to the prevailing party.'"  (Doc. No. 138 at 3) (quoting *Nye v.

CSX Transp., Inc.*, No. 1:02CV1528, 2005 WL 1126754, at *2 (N.D. Ohio April 26, 2005)).

Defendants also note that "[t]his is a garden variety employment discrimination case," and ample

attorneys throughout the state of Ohio can competently handle ADEA claims.  (Doc. No. 138 at 3).

I agree.

Skilled labor and employment attorneys often appear in this courthouse, suggesting that

individuals residing in this district have a wide selection of competent counsel from which to

choose.  *Cf. Buchanan v. Rhodes*, 249 F. Supp. 860, 865 n.2 (N.D. Ohio 1966) ("We can take judicial

notice of a dearth of qualified trial lawyers.") (vacated and remanded on other grounds); *see also*

*Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971) ("We recently held that the competency and qualification of a lawyer before the court are a matter of which the trial court had judicial knowledge and of which it could take judicial notice.") (further citation omitted). Further, the website of the Ohio State Bar Association identifies 82 Ohio attorneys who are Certified Specialists in the area of Labor and Employment—many of whom are within driving distance of Sandusky.[4] *See Hines v. DeWitt*, No. 2:13-cv-1058, 2016 WL 2342014, at *3 (S.D. Ohio, May 4, 2016) (taking judicial notice of Ohio State Bar Association Report located on the bar association's website).

Moreover, nothing in the record suggests that the potential "chilling effect" in this case "is different from any other case brought by an individual alleging discrimination against an employer." *Yarberry v. Gregg Appliance, Inc.*, No. 1:12-CV-611, 2017 WL 514552, at *2 (S.D. Ohio Feb. 8, 2017) (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)).

As I noted above, Defendants seek costs of $5,261.80 for a case that took over four years to litigate. (Doc. No. 136). I am not persuaded that such a modest sum would have "a wider impact, including a chilling effect, on other cases of its kind." *See K.C. v. Schucker*, No. 02-2715-STA-cgc, 2014 WL 11537834, at *3 (W.D. Tenn. Mar. 25, 2014) (finding that awarding $2,000 for every year the case was pending would not have a "chilling effect" on other similar negligence cases).

### 3. Close Case

Obergefell further contends that this is a "close case" because it required her counsel to "sift through, organize and understand a large amount of discovery materials in light of the large and often complex body of applicable case law under the ADEA." (Doc. No. 137 at 4). Defendants counter that this case "did not raise any novel or complex arguments that have not been analyzed by courts in this Circuit," and, therefore, it is not "close." (Doc. No. 138 at 4).

---

[4] https://www.ohiobar.org/public-resources/find-a-lawyer/?

In determining whether a case is "close," the Sixth Circuit considers the "refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White*, 786 F.2d at 732-33.  Close and difficult cases often include complex patent validity and antitrust issues, *id.*, or lengthy trials and unsettled law. *Mann v. CSX Transp., Inc.*, No. 1:07CV3512, 2012 WL 12285296, at *2 (N.D. Ohio Mar. 2, 2012) (citations omitted).  *See also id.* (observing that "[c]ases decided at the summary judgment stage . . . tend not to be considered 'close and difficult'").

Obergefell's claims in the underlying action were straightforward.  She did not present an issue of first impression, and "the law itself was quite clear, as was the application of law to the facts in this action." *Myrick v. TNT Overland Exp.*, 143 F.R.D. 126, 128 (N.D. Ohio 1992).  I granted Defendants' motion for summary judgment, and the Sixth Circuit affirmed.  (Doc. No. 137).  *See also Obergefell*, 2026 WL 228727.  And while the granting of a motion for summary judgment is not dispositive on the issue of closeness, the "resolution of a case on summary judgment under well-settled law may indicate it was neither close nor difficult." *Arnold v. Taylor Corp.*, No. 3:17 CV 1381, 2020 WL 1862875, at *2 (N.D. Ohio Feb. 24, 2020) (citations omitted).

Thus, I find this was not a "close case" that would weigh in favor of denying costs. *See Carney v. Suncrest Healthcare of Middle Tenn., LLC*, No. 3:13-cv-00527, 2016 WL 5468268, at *3 (M.D. Tenn. Sept. 28, 2016) (rejecting argument that FMLA interference and retaliation case was "close and difficult" when it was a typical claim disposed of on summary judgment); *see also Thomas v. AT&T Servs., Inc.*, No. 1:11 CV 02768, 2013 WL 2950657, at *2 (N.D. Ohio June 14, 2013) (rejecting "close and difficult" argument where claims were dismissed on summary judgment "based on straightforward analysis" of the facts); *Moore v. City of Clarksville*, No. 3:10–00141, 2011 WL 5117776, at *1 (M.D. Tenn. Oct. 25, 2011) (noting that the action involved "a typical claim of retaliation" rather than "the difficulty and complexity" found in *White*); *Hartford Fin. Servs. Grp., Inc.*

7

*v. Cleveland Pub. Libr.*, No. 1:99CV1701, 2007 WL 963320, at *2 (N.D. Ohio Mar. 28, 2007) (finding case was not "close and difficult" because, while lengthy, "no novel issues of Ohio law were involved").  *But see U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 76 (S.D. Ohio 2000) (finding case was close where "novel legal issues dominated" in an complicated FCA case); *Sollitt v. KeyCorp*, No. 1:09-CV-43, 2009 WL 3754499, at *1 (N.D. Ohio Nov. 9, 2009) (holding case was "close and difficult" where elements "presented nuanced questions of law on which no binding precedent squarely controlled").

### 4.       Prolonged Litigation and Nonmeritorious Issues

Finally, Obergefell argues that Defendants prolonged litigation "by creating unnecessary discovery disputes."[5]  She further asserts that Defendants "injected the case with unmeritorious issues" by launching "*ad hominem* attacks" regarding Obergefell's counsel's behavior during the deposition of Tonia Copsey.  Obergefell contends that these incidents weigh in favor of denying costs.

This has been a particularly contentious case.  It is clear that the litigation was prolonged due to repeated discovery disputes.  But contrary to Obergefell's assertions, those disputes were largely the result of her own counsel's behavior.  On October 7, 2022, I observed that many of the discovery-related delays fell "squarely upon Plaintiff's counsel and the seeming inability to work through what ought to be fairly routine discovery matters given the nature of this case, including requests that have at times been baseless or overly broad."  (Doc. No. 70 at 2).

With regard to "*ad hominem* attacks," Obergefell's counsel repeatedly launched unfounded and groundless allegations of dishonest conduct and malicious intent against opposing counsel, accusing them of engaging in a "cover-up."  (Doc. No. 86 at 11-12, 14-15).  I found that these allegations were "based upon [Plaintiff's counsel's] . . . overzealous interpretation of the facts at

---

[5] Obergefell's arguments in this section can be found on pages 6-7 of her reply memorandum.

issue" and declined to issue the sanctions Obergefell requested.  (*Id.* at 14-15).  I cautioned

Obergefell's counsel that he was exposing himself and his client to possible sanctions if he

continued to make "further spurious allegations of misconduct against Defendants or their

attorneys."  (*Id.* at 15).

Thus, this argument does not weigh in favor of denying costs.  In light of all the

circumstances of this case, it would not be inequitable to require Obergefell to bear the costs of this

action.  *See Lichter*, 269 F.2d at 146 (noting that Rule 54(d) and § 1920 "were intended to take care of

a situation where, although a litigant was the successful party, it would be inequitable under all the

circumstances in the case to put the burden of costs upon the losing party").

## V.     CONCLUSION

For the reasons stated above, I find Obergefell has failed to identify circumstances sufficient

to overcome the presumption favoring an award of costs to FRMC.  Accordingly, I deny

Obergefell's motion to reopen this case, (Doc. No. 137), deny her motion for leave to file her reply

memorandum as moot, (Doc No. 141), and award FRMC costs.  The Clerk of Court is hereby

instructed to tax costs to the Plaintiff in the amount of $5,261.80, in accordance with Defendants'

bill of costs.  (Doc. No. 136).


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge