UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Laura Obergefell,                                                    Case No. 3:20-cv-2579

                Plaintiff,

      v.                                                                 ORDER


Firelands Regional Medical Center, et al.,

                Defendants.


On March 10, 2026, I concluded Plaintiff had failed to identify circumstances sufficient to overcome Rule 54(d)'s presumption favoring an award of costs to Defendant and, thus, denied Plaintiff's motion to reopen her case for the limited purpose of disallowing the bill of costs filed by Defendants.  (*See* Doc. Nos. 144 & 145).  Plaintiff filed a notice of appeal of my March 10, 2026 Memorandum Opinion and Judgment Enty on April 9, 2026.  (Doc. No. 147).

Despite the fact that her appeal remains pending before the Sixth Circuit Court of Appeals, *see Obergefell v. Firelands Regional Medical Center*, No. 26-3306, Plaintiff has filed a motion to reopen this case and supplement the record.  (Doc. No. 148).  Specifically, she asks that this case be reopened so that she can add two documents into the record, alleging "each document is necessary for the Sixth Circuit's determination of whether this court erred in applying the Sixth Circuit's guidelines for awarding of costs under Rule 54(d)."  (*Id.* at 9).

Plaintiff offers no legal analysis or authority to suggest I have authority to grant the relief requested.  Indeed, I do not.

As the Sixth Circuit has explained:

> Typically, "filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995); *see also* 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1489 (3d ed. Apr. 2021 update) ("Once an appeal has been taken from the judgment, the district court no longer has jurisdiction over the case and cannot reopen the judgment to allow an amendment to be made.").

> In other words, "expansion of a district court's judgment [is] not permitted while an appeal is pending." *NLRB. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).  We have interpreted this rule to except certain actions taken "in aid of the appeal," a "narrowly defined" set that "includes issuance of an opinion that memorializes an oral ruling made days before." *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)).  But we have also noted that "appellate courts have generally prevented trial courts from developing supplemental findings after the notice of appeal has been filed." *Inland Bulk Transfer*, 332 F.3d at 1013 (collecting cases).

*United States v. Harvey*, 996 F.3d 310, 312-13 (6th Cir. 2021).

Allowing Plaintiff to supplement the record with additional documents and even considering the merits of her arguments related to whether those additional documents are, as she alleges, "necessary for the Sixth Circuit's determination" are not a "remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc..*, 71 F.3d at 1203.  They are actions that would "alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d at 1013.  As such, I have no jurisdiction to take such actions and deny Plaintiff's motion.  (Doc. No. 148).

Defendants' motion for an extension of time to file an opposition brief to Plaintiff's motion is denied as moot.  (Doc. No. 149).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2